**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4284**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RONALD MARSHALL SIMPSON, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:09-cr-00106-JAB-1)

Submitted: October 12, 2011        Decided: October 19, 2011

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Christopher B. Shella, C. BURELL SHELLA, Durham, North Carolina, for Appellant. Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Marshall Simpson, Jr. appeals his conviction by jury and his subsequent 235-month sentence for possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e) (2006). Simpson's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he could identify no meritorious issues for appeal, but questions whether Simpson was properly sentenced as an armed career criminal and whether his sentence is otherwise reasonable. Simpson has filed a pro se informal brief, raising several issues relating to his conviction and sentence. Having reviewed the record, we affirm the judgment of the district court.

On the armed career criminal front, counsel references the concerns recently highlighted in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Pertinent to this appeal, a defendant is eligible for the enhanced sentencing provisions of the Armed Career Criminal Act only if he possesses three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." See 18 U.S.C. § 924(e)(1). For a crime to qualify as a "violent felony," it must be "punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 924(e)(2)(B). In Simmons, we held that a prior North Carolina offense was

2

punishable for a term exceeding one year only if the particular defendant before the court had been eligible for such a sentence under the applicable statutory scheme, taking into account his criminal history and the nature of his offense. Id.; see also N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2009) (setting forth North Carolina's structured sentencing scheme).

Because Simpson did not raise this argument before the district court,[1] this court's review is for plain error. United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010). To establish plain error, Simpson must show that "(1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342–43 (4th Cir. 2009). "If all three of these conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Carr, 303 F.3d 539, 543 (4th Cir. 2002) (internal quotation marks, citations, and alterations omitted).

---

[1] Simpson argued at sentencing only that he should not be sentenced under § 924(e) because his prior breaking and entering convictions were not "violent" felonies for the purposes of § 924(e). This argument, however, is foreclosed by circuit precedent. See United States v. Thompson, 588 F.3d 197, 202 (4th Cir. 2009), cert. denied, 130 S. Ct. 1916 (2010).

In the sentencing context, an error affects substantial rights if the defendant can show that the sentence imposed "was longer than that to which he would otherwise be subject." United States v. Washington, 404 F.3d 834, 849 (4th Cir. 2005) (internal quotation marks and citation omitted).

After reviewing the entire record on appeal, we conclude that Simpson cannot establish remediable plain error. Our review of the presentence report (the "PSR") prepared in this case convinces us that, even in light of Simmons, Simpson possesses at least three prior convictions for violent felonies as defined in the Armed Career Criminal Act. The district court therefore properly found that Simpson was eligible for the enhanced penalties provided for in § 924(e) and the corresponding Guidelines provisions found in U.S. Sentencing Guidelines Manual ("USSG") § 4B1.4.

With respect to the second area of inquiry highlighted by counsel, we review a sentence for reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to inspect for procedural reasonableness by ensuring that the district court committed no significant procedural errors, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or insufficiently explaining the selected sentence. United

4

States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). Because Simpson did not preserve a challenge to either the district court's Guidelines calculations or its explanation of its sentence, we review them for plain error. Fed. R. Crim. P. 52(b); Lynn, 592 F.3d at 577, 581-85. We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. A sentence within a properly-calculated Guidelines range is presumptively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

We have thoroughly reviewed the record and find no error in the district court's calculations of the applicable Guidelines range, the allocution opportunity it gave to Simpson, or its explanation of the chosen sentence in terms of the applicable sentencing objectives. Nor have we identified any reason to defeat the presumptive substantive reasonability of the within-Guidelines sentence levied upon Simpson. Allen, 491 F.3d at 193. We therefore decline to substitute our judgment for that of the district court.

Nor do any of the claims raised by Simpson in his pro se informal brief merit reversal of the district court's judgment. We have carefully reviewed each of the challenges Simpson raises to his conviction and conclude that they are without merit or, at most, even crediting Simpson's factual

averments, amount to harmless error.[2]  With respect to Simpson's several ineffective assistance claims, such claims are generally not cognizable on direct appeal unless the record conclusively establishes counsel's "objectively unreasonable performance" and resulting prejudice.  United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008).  To allow for adequate development of the record, ineffective assistance claims should be pursued in a motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp. 2011). United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).  Because the record does not conclusively demonstrate that Simpson's trial or appellate counsel provided inadequate representation, we decline to entertain Simpson's ineffective assistance of counsel claims on direct appeal.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment. This court requires that counsel inform Simpson, in writing, of the right to petition the Supreme Court of the United States for further review.  If Simpson requests that a petition be filed, but counsel believes that such a petition would be frivolous,

---

[2] To the extent that Simpson urges error with respect to the composition of the jury, we deem his contentions to be raising a claim for ineffective assistance of counsel, which is more properly brought collaterally.

then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Simpson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>